## ROSS v. CITY OF CHICAGO.

(Circuit Court, N. D. Illinois. November 28, 1898.)

No. 22,392.

1. PATENTS — SUITS FOR INFRINGEMENT — EFFECT OF DECISIONS OF OTHER COURTS.

On the trial in a circuit court of a suit involving the validity of a patent it is the duty of the court to determine such question on its merits, independently of the rulings of other circuit courts thereon, except as such decisions may be instructive upon the subject. Stover Mfg. Co. v. Mast, Foos & Co., 32 C. C. A. 231, 89 Fed. 333, followed.[1]

2. SAME—ELECTRO-MAGNETIC POWER GENERATOR.

The Bragg patent, No. 173,261, for an electro-magnetic power generator, is void as to claim 2, for want of invention.

This was a suit in equity by Nathan O. Ross, trustee, against the city of Chicago, for infringement of a patent.

---

[1] For effect of decisions of other circuit courts, see note to National Cash Register Co. v. American Cash Register Co., 3 C. C. A. 565; also note to Thomson-Houston Electric Co. v. Hoosick Ry. Co., 27 C. C. A. 427.

Dwight B. Cheever and Robert H. Parkinson, for complainant.

Charles S. Thornton, Corp. Counsel, Granville W. Browning, Asst. Corp. Counsel, and James H. Raymond, for defendant.

GROSSCUP, District Judge (orally). The bill is to restrain infringement of letters patent No. 173,261, granted February 8, 1876, to Robert Bragg, for an electro-magnetic power generator. The claim relied upon is claim 2 in the letters patent. This claim has been upheld by Judge Nelson in a case heard and tried in his circuit against both the city of St. Paul and the city of Minneapolis. 64 Fed. 592. Under the rule of comity that prevailed previous to the recent decision of the circuit court of appeals, I would have felt myself obliged to come probably to a conclusion different from the one I will announce this morning. The rule of comity, as laid down by our circuit court of appeals in Electric Mfg. Co. v. Edison Electric-Light Co., 10 C. C. A. 106, 61 Fed. 834, was that, in any case at trial before a circuit judge, the ruling of the courts of the other circuits upon the validity of the patent should be followed, unless there was new evidence in the cause, which, in the judgment of the court, would have changed the judgment of the other court, had it been in the case before the other court. But in the recent case of Stover Mfg. Co. v. Mast, Foos & Co., 32 C. C. A. 231, 89 Fed. 333, the circuit court of appeals laid down the rule that the circuit court of appeals, and, by virtue of the logic of the situation, as they say, the circuit court also, must take up all of these cases upon their merits, and determine them independently of the rulings of other circuits. That leaves me to take up this case and examine it as if it had not been passed upon in any other circuit, except as the decision in such other circuit is instructive upon the subject under consideration. Looking at the case in that light, I have come to the conclusion that the second claim of the patent,—the one insisted upon,—which is for a specific device, is, considering the state of the art, too broad. The state of the art was such that the merit of the complainant, whatever it was, consisted in introducing into fire-alarm devices what was previously known for analogous (if not identical) uses in other departments of the industrial field. I do not think that this new adaptation of an old device is so far removed from obviousness that it ought to be regarded as patentable. I do not pass upon the question as to whether Bragg was the first man to use it in this field, or whether the city of Chicago, in fact, antedated him. I simply hold that the step he took, as broadly claimed by him, was so obvious and natural in the development of the uses of electricity that it does not merit the dignity of an invention. The bill will therefore be dismissed.